UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE CANTRELL DUNSMORE,
as Personal Representative of the Estate
of Brett Colin Cantrell,

      Plaintiff,

v.                                                                          Case No: 8:23-cv-1456-CEH-CPT

RICK WELLS, KELLY ZEITZ, RN,
NAPHCARE, INC., AMBER KENT-
STEVENS, CMA, EILEEN LOPEZ,
LPN, ELVIRA PEREZ, M.D.,
MANATEE COUNTY, FLORIDA and
ROY THOMPSON, LPN,

      Defendants.
_____/

## O R D E R

This matter comes before the Court on the NaphCare Defendants' Motion to Stay (Doc. 78), filed on May 9, 2024.  In the motion, Defendants request the Court stay discovery because, according to Defendants, there is a substantial possibility that the resolution of the pending motions to dismiss may dispose of the entire action or significantly narrow the scope of the issues. Plaintiff filed a response in opposition. Doc. 79. The Court, having considered the motion and being fully advised in the premises, will deny the NaphCare Defendants' Motion to Stay.

## DISCUSSION

In this action filed under 42 U.S.C. § 1983, Plaintiff Denise Cantrell Dunsmore, as Personal Representative of the Estate of Brett Colin Cantrell, sues eight Defendants

for the death of her son, Brett Colin Cantrell ("Cantrell"), while he was a pretrial detainee at the Manatee County Jail ("Jail"). Defendant NaphCare, Inc., contracted with Manatee County to be the provider of medical, dental and mental health care, screening, assessment, and treatment for individuals detained at the Jail. Defendants Kelly Zeitz, R.N.; Medical Assistant Amber Kent-Stevens; Eileen Lopez, L.P.N.; and Roy Thompson, L.P.N., are medical personnel employed by NaphCare and who are alleged to have been directly responsible for Cantrell's medical care while he was detained at the Jail. Defendant Elvira Perez, M.D., is the Medical Director at the Jail. NaphCare, Zeitz, Kent-Stevens, Lopez, Thompson, and Perez are collectively referred to as the "NaphCare Defendants."

The NaphCare Defendants seek an order staying all discovery in this case pending the resolution of their motions to dismiss. *See* Docs. 50, 74. In support, they argue staying discovery is appropriate pending a court's decision on a dispositive motion where a ruling on the motion will resolve the case in its entirety or significantly reduce the scope and complexity of the issues. Doc. 78. Plaintiff opposes the motion, arguing that the federal rules encourage ongoing discovery regardless of the status of rulings at the initial pleading stage. Doc. 79.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). In this District, the pendency of a motion to dismiss

normally will not justify a stay of discovery pending the Court's resolution of the motion to dismiss. *See* Middle District Discovery (2021) at Section I.E.4; *see also*, *e.g.*, *In re Winn Dixie Stores, Inc. Erisa Litig.*, 3:04-cv-194-VMC-MCR, 2007 WL 1877887, *2 (M.D. Fla. June 28, 2007).[1]  Indeed, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. Apr. 5, 2021).  "Such motions for stay are rarely granted"—only "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4.

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motions to determine if, on their face, "there appears to be an immediate and clear possibility" that the Court will grant the motions, which supports

---

[1] Although the Eleventh Circuit in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353, 1367-68 (11th Cir. 1997) held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-cv-609-EAK-EAJ, 2009 WL 2579307, *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, 3:20-cv-36-BJD-JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movants must show the necessity, appropriateness, and reasonableness of the proposed stay. *Id.* at *1.

Here, the NaphCare Defendants fail to show that unusual circumstances justify the requested stay, that prejudice or an undue burden will result if the Court does not impose a stay, or that a stay is reasonable and necessary in this action. The pendency of the motions to dismiss, standing alone, does not supply good cause or reasonableness for the requested stay. *See* Middle District Discovery (2021) at Section I.E.4. Finally, a preliminary peek at the motions does not demonstrate an immediate and clear possibility that the Court will dismiss the action in full. *See McCrimmon*, 2020 WL 6287681 at *2.

While the Court does not express an opinion on the ultimate merits of the motions to dismiss, the Court is not convinced, upon a preliminary review, that Plaintiff's allegations cannot state a cause of action under Section 1983 against some or all Defendants. Therefore, the NaphCare Defendants have not established adequate grounds for a stay of discovery and these proceedings. Because Defendants have not satisfied the high standard required to stay discovery pending resolution of a dispositive motion, the motion is due to be denied. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant in full the pending motions to dismiss, the Court will deny the Motion to Stay all discovery.

Accordingly, it is

**ORDERED**:

1.     NaphCare Defendants' Motion to Stay (Doc. 78) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on May 24, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any